Ronald Altieri, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs February 7, 1985, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Wendie Ziegler,* Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him, *Arthur R. Thomas,* Assistant Chief Counsel, for respondent.

Opinion by Judge Doyle, April 17, 1985:

Ronald Altieri (Petitioner) petitions for review of two Pennsylvania Board of Probation and Parole (Board) orders denying him administrative relief.

Petitioner was recommitted to serve twenty-four additional months as a technical parole violator in a Board order dated September 20, 1983. He was also recommitted to serve twenty-four additional months as a convicted parole violator in a modified Board order dated October 21, 1983. Petitioner, in an undated letter received by the Board on November 16, 1983, sought administrative relief from the September 20, 1983 order; Petitioner's request was denied by the Board in a letter dated November 22, 1983 as untimely. Petitioner, in a letter apparently dated November 29, 1983, sought administrative relief from the October 21, 1983 order; Petitioner's request was denied by the Board on December 15, 1983. Petitioner's petition for review to this Court is date stamped February 29, 1984.

"A petition for review of a quasijudicial order . . . shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Pa. R.A.P. 1512(a)(1). "An appellate court . . . may not enlarge the time for filing . . . a petition for review." Pa. R.A.P. 105(b).

> The timeliness of an appeal and compliance with the statutory provisions which grant the right of appeal go to the jurisdiction of the court to hear and decide the appeal. . . . The courts have no power to extend the period for taking appeals, absent fraud or a breakdown in the court's operation through a default of its officers. (Citations omitted.)

*Iannotta v. Philadelphia Transportation Company*, 11 Pa. Commonwealth Ct. 156, 159, 312 A.2d 475, 476 (1973). *See also Nixon v. Nixon*, 329 Pa. 256, 198 A. 154 (1938).

The final orders appealed from here are dated November 22, 1983 and December 15, 1983. Thus,

the petition for review filed with this Court on February 29, 1984 is well beyond the mandatory thirty day appeal period. Petitioner has not alleged in his petition for review fraud or a breakdown in the Board's or this Court's operations which would justify an extension of time. Accordingly, although the Board has not raised the timeliness issue, we do so *sua sponte* and hereby dismiss Petitioner's appeal as untimely filed with this Court.

ORDER

Now, April 17, 1985, Petitioner's petition for review, No. 606 C.D. 1984, date stamped February 29, 1984, is hereby dismissed as untimely filed.