559 A.2d 980

**Deborah BARNES**

v.

**Reid T. BARNES.**

**Appeal of COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 7, 1989.

Decided May 30, 1989.

332

Jason W. Manne, Asst. Counsel, Pittsburgh, for appellant.

Gilbert H. Ludwig, Cauley and Conflenti, Pittsburgh, for appellee, Reid T. Barnes.

Before CRAIG, DOYLE and PALLADINO, JJ.

DOYLE, Judge.

Before this Court is an appeal by the Department of Public Welfare (DPW) from an order of the Court of Common Pleas of Allegheny County, denying DPW's motion to compel the local prothonotary to enter judgment on the docket against Reid T. Barnes (Appellee) for arrears on a support order owed to DPW.

On October 13, 1983, Deborah Barnes, the named Appellant in this appeal, commenced an action against Appellee, Reid T. Barnes, for support of their two children. A support order was entered on December 7, 1983, and was later modified. However, because she was receiving public assistance, Mrs. Barnes' right to support was assigned to DPW pursuant to Section 432.6(e) of the Public Welfare Code (Code).[1]

Appellee's support payments fell into arrears and DPW filed a petition for contempt of court. Before that hearing was held, Appellee filed a petition to reduce the amount of

1. Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. § 432.6(e). This section was added by Section 5 of the Act of July 15, 1976, P.L. 993.

his arrears since he had had a twenty-month period of unemployment. In response to that petition, DPW, pursuant to Allegheny County Local Rule 1910.23,[2] served notice on Appellee of its intention to enter judgment on his arrears. As permitted by that rule, Appellee disputed the arrears and requested a hearing which was scheduled for March 28, 1988.

The contempt hearing was held as scheduled on December 21, 1987, before a hearing officer. The hearing officer recommended: (1) leave to file for retroactive modification of Appellee's arrears as a result of his unemployment, and (2) an audit of Appellee's arrears because of a dispute of the amount shown on the computer printout.

2. The relevant portions of Local Rule 1910.23 provide:

(a) Any party at any time may obtain from Room 534 of the Courthouse a statement of arrears according to the records of the Collection and Disbursement Division.

(b) A plaintiff may obtain a judgment against a defendant who is thirty (30) days or more in arrears under order of court only through the following procedures:

(1) The Plaintiff shall serve on the defendant a written notice in the following form:

. . . .

(2) On or after the thirtieth (30th) day following the service of the Notice of Intention to Enter Judgment, the plaintiff may file a praecipe for entry of judgment with the Prothonotary *provided that it includes a certification that written Notice of Intention to Enter Judgment was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record,* if any, at least thirty (30) days prior to the date of the filing of this praecipe and *that the defendant has not filed with the Prothonotary any notice indicating that he or she disputes the claim.* Upon the filing of this praecipe, the Prothonotary shall enter judgment in the amount set forth in the Notice of Intention to Enter Judgment.

(3) If the defendant disputes the claim, the plaintiff shall schedule a conference before a domestic relations counselor. If an agreement is not reached at the conference, a hearing on the plaintiff's claim for arrears shall be heard before a hearing officer pursuant to the procedures set forth in Rule 1910.12. The final order which is entered shall be a judgment in the amount of the arrears as determined by the court.

(4) The party scheduling a conference and hearing pursuant to subsection (c) may at the same time file a petition for civil contempt and/or a petition for attachment of wages and hearings on these petitions may be scheduled at the same time as the conference and hearing described in subsection (c). (Emphasis added.)

DPW's hearing on the entry of judgment on the arrears was rescheduled to April 1988, but counsel for DPW failed to appear. The hearing officer recommended that: (1) DPW's petition be dismissed, (2) Appellee again be granted leave to file a petition for adjustment of his arrears, and (3) the arrears be temporarily set at $7,042.45. DPW timely filed exceptions to these recommendations, but later withdrew those exceptions.

On or about May 3, 1988, in accordance with Pa.R.C.P. No. 1910.23, DPW filed a praecipe with the prothonotary directing him to enter a judgment.[3] The prothonotary refused. DPW then filed a motion to compel the prothonotary to enter judgment on the docket with the trial court. DPW's motion stated that (1) Local Rule 1910.23 is invalid as violative of Pa.R.C.P. No. 1910.23 and (2) the enactment of Act 1988–35, 23 Pa.C.S. § 4352(c),[4] (Act 35), has the

**3.** The relevant portion of Pa.R.C.P. No. 1910.23 provides as follows:
(a) *If the defendant is thirty days or more in arrears* under the order of the court as appears from a current certificate of domestic relations section, *the prothonotary shall enter judgment on praecipe* accompanied by the certificate in the amount shown in the certificate.
(b) The prothonotary shall immediately give notice to the defendant and his attorney of record, if any, by ordinary mail of the entry of the judgment, together with a copy of the certificate filed under subdivision (a) of this rule.
(c) Judgment shall be enforced as provided by Rules 3001 to 3011 and 3101 to 3149, inclusive, governing the transfer of judgments and the enforcement of judgments for the payment of money, and by attachment of wages, salary and commission as provided by Rule 1910.22. (Emphasis added.)

**4.** 23 Pa.C.S. § 4352(c) provides as follows:
(c) **Arrears as judgments.**—On and after the date it is due, each and every support obligation shall constitute a judgment against the obligor by operation of law, with the full force, effect and attributes of a judgment of court, including the ability to be enforced, and shall be entitled as a judgment to full faith and credit in this or any other state. Past due support obligations shall not become a lien upon the real and personal property of the person ordered to make such payments until the judgment or order has been entered of record in the office of the clerk of the court of common pleas in the county where the real or personal property owned by the person obligated to pay support is located or in the office of the clerk of the branch of the court of common pleas embracing such county in accordance with 42 Pa.C.S. § 4303 (relating to effect of judgments

effect of reducing Appellee's arrears to judgment by operation of law and invalidates the procedure of Local Rule 1910.23. The trial court, however, denied DPW's motion and this appeal ensued.

Appellee contends that DPW's appeal to this Court should be quashed contending that the trial court's order denying DPW's motion is interlocutory.[5] Pa.R.A.P. 341(a) indicates that "an appeal may be taken as of right from any *final* order of an administrative agency or lower court." (Emphasis added.) "Final" is not defined in the Pennsylvania Rules of Civil Procedure or the Judicial Code. Thus, we must first consider whether the order herein appealed is final. *For purposes of determining the finality question only,* we shall adopt DPW's position that Pa.R.C.P. No. 1910.23 is in conflict with local Rule 1910.23 and that Pa.R.C.P. No. 1910.23 is controlling.

Careful examination of the record discloses that DPW has, in fact, complied with the relevant provisions of Pa.R.C.P. No. 1910.23, yet the prothonotary has refused to enter the judgment on the docket. Pa.R.A.P. 301(a) states that "[n]o order of a court shall be appealable *until it has been entered upon the appropriate docket in the lower court."* (Emphasis added.) Here, however, DPW has done everything necessary under Pa.R.C.P. No. 1910.23 to get its judgment listed on the docket. And, since the prothonotary's refusal is preventing DPW from further appealing the trial court's order, we must deem this refusal to be of sufficient finality so as to constitute an appealable order. Were we to conclude otherwise, DPW's argument, that the local rule is inconsistent with Pennsylvania Rules of Civil

and orders as liens). Execution shall issue thereon pursuant to the Rules of Civil Procedure. The obligation for payment of arrears or past due support shall terminate by operation of law when all arrears or past due support has been paid.

5. We note that Appellee has not filed a motion to quash but we view the challenge on the finality of the order as being subject matter jurisdictional in nature. Hence, it could even be raised *sua sponte. Altieri v. Pennsylvania Board of Probation and Parole,* 88 Pa. Commonwealth Ct. 592, 495 A.2d 213 (1985).

Procedure, could never be reviewed because in order to render the order final and appealable, DPW would be forced to comply with the local rule thereby waiving its objections to it and/or mooting the issue.

The second issue that this Court must address is whether DPW's appeal is properly before this Court.[6] This case began as a support action by Deborah Barnes, the named Appellant, against Appellee. Subsequent to the determination of that action, Ms. Barnes began receiving public assistance and her rights to the support payments were assigned to DPW in accordance with Section 432.6 of the Code.[7] As assignee, DPW became the party legally entitled to receive the arrears owned by Appellee. This is true even though the action has continued under the name of Deborah Barnes. See Pa.R.C.P. No. 2004.[8]

It is well settled that this Court has jurisdiction over appeals from final orders of the courts of common pleas in civil actions by the commonwealth government. See 42 Pa.C.S. § 762(a)(1)(ii). The term "commonwealth government" includes DPW as a Commonwealth agency. See 42 Pa.C.S. § 102. We believe, therefore, that this Court

6. Counsel for DPW advised us at oral argument that DPW is uncertain as to whether jurisdiction is with this Court or the Superior Court and that half of DPW's cases have been appealed here and half to the Superior Court.

7. The relevant portions of Section 432.6 of the Code provide:
   Acceptance of public assistance shall operate as an assignment to [DPW], by operation of law, of the assistance recipient's rights to receive support, on his or her own behalf and on behalf of any family member with respect to whom the recipient is receiving public assistance. Such assignment shall be effective only up to the amount of public assistance received. The assignment shall take effect at the time the recipient is determined to be eligible for public assistance....

8. Pa.R.C.P. No. 2004 provides:
   **Transfer Of Interest In Pending Action**
   If a plaintiff has commenced an action in his own name and thereafter transfers his interest therein, in whole or in part, the action may continue in the name of the original plaintiff, or upon petition of the original plaintiff or the transferee or of any other party in interest in the action, the court may direct the transferee to be substituted as plaintiff or joined with the original plaintiff.

has jurisdiction over the case presently before us. Moreover, what this Court is interpreting is Section 432.6 of the Code, and DPW's rights as assignee under the Code.[9]

■ DPW next contends that the lower court committed an error in denying its motion to compel the prothonotary to enter judgment on the docket. DPW argues that Act 35, which became effective on March 25, 1988, mandates the entry of an arrears judgment on the docket by filing a praecipe in the appropriate case. In support of this argument, it cites Pa.R.C.P. No. 227.4 which provides:

## ENTRY OF JUDGMENT UPON PRAECIPE OF A PARTY

*In addition to the provisions of any Rule of Civil Procedure or Act of Assembly* authorizing the prothonotary to enter judgment upon praecipe of a party, the prothonotary shall, upon praecipe of a party:

(1) if no timely post-trial motion is filed or if a waiver in writing of the right to file post-trial motions signed by all parties has been filed,

. . . .

(2) enter judgment when a court grants or denies relief but does not itself enter judgment, or order the prothonotary to do so. (Emphasis added.)

However, the official note to this rule refers its readers to Pa.R.C.P. No. 237, and that provision provides:

## NOTICE OF PRAECIPE FOR FINAL JUDGMENT OR DECREE

No praecipe for judgment on a verdict, or for judgment on a decision in a trial without a jury or for a final decree following a decree nisi in equity *shall be accepted by the*

9. We note that the support order itself is not under review here; if it were, the proper appellate forum would be the Superior Court.

*prothonotary unless it includes a certificate that a copy of the praecipe has been mailed to each other party* who has appeared in the action or to his attorney of record. (Emphasis added.)

Additionally, Pa.R.C.P. No. 237.1(a) provides:

### NOTICE OF PRAECIPE FOR ENTRY OF DEFAULT JUDGMENT

(a) No judgment by default shall be entered by the prothonotary *unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe.* If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice or agreement shall be attached to the praecipe. (Emphasis added.)

A similar provision exists within Act 35 itself. It states:

(f) **Notice to obligors and obligees**

The domestic relations section shall mail notice to obligors and obligees of existing orders informing them that such orders may attain the status of a judgment by operation of law. The notice shall explain the nature of judgment by operation of law and its effect. Further, the notice shall advise each party to a support proceeding of the party's duty to advise the domestic relations section of material changes in circumstance and of the necessity to promptly request a modification as soon as circumstances change.

23 Pa.C.S. § 4352(f). It is clear to this Court, that under the facts of this case, such notice to Appellee was a prereq-

uisite to entry in the docket of a judgment by operation of law. Since the trial court found that notice had not been sent Appellee at the time of DPW's motion, we believe that that motion was properly denied.

This Court wishes to note, as did the trial court below that *prior to the enactment of Act 35,* Appellee clearly had the right to have his arrears remitted because of a substantial period of unemployment. *See Commonwealth v. Vogelsong,* 311 Pa. Superior Ct. 507, 457 A.2d 1297 (1983). However, as of its effective date, Act 35 amended those provisions of the prior Act and "tighten[ed] up the child enforcement process." (See trial court op. at 7.) Nonetheless,

> [t]o interpret Act 35 in such a way as to permit a judgment by operation of law with regard to alleged arrearages existing as of the date of the Act, prior to any notice of the effect of the Act and a reasonable opportunity to act in accordance therewith, would be an unconstitutional deprivation of property without due process of law. Where a reasonable interpretation of Act 35 exists, i.e., no judgment by operation of law until notice and opportunity to act, such interpretation will be adopted to save the Act's constitutionality. *Hughes v. Com. Dept. of Trans.,* 514 Pa. 300, 523 A.2d 747 (1987).

(Trial court opinion at 9–10.)

Accordingly, we affirm the order of the trial court.

## ORDER

NOW, May 30, 1989, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.