601 A.2d 379

**Karen BOGAN**

v.

**Joseph SMITH, Jr.**

**Appeal of COMMONWEALTH of Pennsylvania, DEPARTMENT of PUBLIC WELFARE.**

Commonwealth Court of Pennsylvania.

Argued June 12, 1990.

Decided Sept. 24, 1990.

Publication Ordered Jan. 8, 1992.

Jason W. Manne, Asst. Counsel, for appellant.

No appearance for appellee.

Before DOYLE and COLINS, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

The Department of Public Welfare (DPW) appeals an order of the Court of Common Pleas of Allegheny County which dismissed DPW's exceptions and accepted a recommendation of a hearing officer and, inter alia, canceled support arrears owed by Joseph Smith, the appellee herein.

Appellee is the father of two minor children and has for some time been under court orders requiring him to pay child support. During the time periods involved, Karen Bogan, the mother of the two children, was receiving public assistance. Consequently, her right to support was assigned to DPW pursuant to Section 432.6 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. § 432.6(e), added by Section 5 of the Act of July 15, 1976, P.L. 993, *as amended*. In March of 1988, a consent order of the Family Division of the Court of Common Pleas of Allegheny County was entered which, *inter alia*, gave the appellee the right to petition for modification of arrears

owed to DPW. In November of 1988, appellee filed such a petition, alleging that the arrears had accumulated during a period when he was unable to pay as ordered. DPW was notified of the petition and, in fact, participated in a hearing held before a hearing examiner. Following the hearing, the hearing examiner recommended, *inter alia,* that $590.00 in arrears built up prior to March of 1988 be cancelled. DPW filed exceptions, arguing that the cancellation of the arrears was contrary to 23 Pa.C.S. § 4352 which, *inter alia,* prohibits the retroactive modification of arrears. The trial court dismissed the exceptions, holding that the prohibition against retroactive modification of arrears did not take effect until individual notice required by 23 Pa.C.S. 4352(f) [1]; the court adopted the hearing examiner's recommendations. DPW appealed to the Superior Court but later filed a motion requesting that court to transfer the appeal to this Court. The Superior Court granted DPW's motion.

In *Barnes v. Barnes,* 126 Pa.Commonwealth Ct. 330, 559 A.2d 980 (1989), we held that the provisions of 23 Pa.C.S. § 4352, concerning retroactive modification of arrears, could not take effect until individual notice was provided by the domestic relations section. It is uncontested that no such notice was given to appellee or to any obligors within the jurisdiction of the Allegheny County Court of Common Pleas. We note that the Supreme Court has granted DPW's petition for allowance of appeal in *Barnes,* 524 Pa. 599, 568 A.2d 1249 (1989). We also recognize that the Superior Court has held that all provisions of 23 Pa.C.S. § 4352 are effective as of the date of its enactment, March 25, 1988. *Jackman v. Pelusi,* 379 Pa.Superior Ct. 361, 550 A.2d 199 (1988). DPW relies upon *Jackman* to support its position here. That case, however, did not address the question of individual notice. We continue to follow our decision in *Barnes.*

1. Since the trial court issued its decision, 23 Pa.C.S. § 4352 has been amended with new subsections added; what was formerly Section 4352(f) is presently Section 4352(g).

■ DPW argues that due process does not require individual notice of changes in the law. While that may very well be true, we know of no authority that a state is prevented from providing its citizens with *more* protection than the United States Constitution requires. In fact, it is well settled that a state may provide more protections but may not provide *less*. *See Cooper v. California*, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967). When the Legislature enacted 23 Pa.C.S. § 4352, it stated that the domestic relations sections of the various courts of common pleas were obliged to provide individual notice to the obligors. We cannot interfere with this legislative determination.

■ Finally, DPW argues that a sufficient grace period was provided here to allay any due process concerns. However, when the Legislature has provided for individual notice of a change in the law, the question of a grace period becomes irrelevant, the Legislature having chosen to provide greater protections than required by the Due Process Clause of the United States Constitution.

Affirmed.

## ORDER

NOW, September 24, 1990, the order of the Court of Common Pleas of Allegheny County, dated April 17, 1989, at FD No. 80–1729, is affirmed.