587 A.2d 48

**Geary TURNER, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE et al., Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 14, 1990.

Decided Feb. 14, 1991.

John C. Armstrong, Norristown, for petitioner.

Timothy P. Wile, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, Harrisburg, for respondents.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

Before us for disposition is an appeal by Geary Turner (Petitioner) from an order of the Pennsylvania Board of Probation and Parole (Board) which denied his request for administrative relief. Also before us is the Board's motion to quash the appeal as untimely.

It is undisputed that the order of the Board from which Petitioner seeks review was mailed on February 1, 1989. It is also undisputed that the Petitioner's petition for review which was filed *pro se* was not filed with this Court until March 6, 1989. And, the requirement is that a petition for review from a Board order must be filed with this Court within thirty days of its entry. Pa.R.A.P. 1512(a)(1); *Altieri v. Pennsylvania Board of Probation and Parole,* 88 Pa.Commonwealth Ct. 592, 495 A.2d 213 (1985). The petition is considered "filed" when it is actually received by the prothonotary unless the petitioner uses a U.S. Postal Form 3817 certificate of mailing in which case the petition is deemed filed on the date appearing on that form.[1] Pa.R. A.P. 1514(a). The failure to file a timely appeal is jurisdictional. *Altieri.*

Petitioner does not argue that his appeal was timely filed. Rather, he suggests that this Court should adopt the holding of *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), a United States Supreme Court case wherein the High Court held that for purposes of the *Federal* Rules of Appellate Procedure an incarcerated prisoner's appeal can be considered filed at the point when it is delivered to the prison authorities for mailing. The Court recognized that because an inmate is unable to travel to the courthouse to file an appeal personally he is dependent upon the correctional facilities mailing system.

First, as previously noted, *Houston* construes a *Federal* Rule of Appellate Procedure. Second, the rule is grounded

---

1. Petitioner here did not use a 3817 Form.

upon the fact that an inmate acting *pro se* cannot leave the prison in order to personally post his appeal. We note that pursuant to our Pennsylvania Supreme's Court decision in *Bronson v. Pennsylvania Board of Probation and Parole* 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied,* 450 U.S. 1050, 101 S.Ct. 1771, 68 L.Ed.2d 247 (1981) however, a petitioner appealing a Board order is entitled to counsel; hence, there *is* someone who is capable of posting an incarcerated petitioner's appeal. The fact that Petitioner here chose not to avail himself of such assistance is his own doing. And, we are not inclined to encourage incarcerated litigants to proceed *pro se* by holding that more lenient rules for filing deadlines should be applied to them. Finally, even if this Court wished to follow *Houston,* it has no authority to adopt a rule which is in direct contravention with Pa.R.A.P. 1514, a rule promulgated by our own Pennsylvania Supreme Court. Any such revision of that rule would have to come from the court which promulgated it.[2]

Appeal quashed.

## ORDER

NOW, February 14, 1991, the Board of Probation and Parole's motion is granted and appeal in the above-captioned matter is hereby quashed.

---

2. Having determined that Petitioner's appeal is indeed untimely and must be quashed, we do not reach the merits of his appeal.