597 A.2d 89

**Deborah BARNES,**

v.

**Reid T. BARNES.**

**Appeal of COMMONWEALTH of Pennsylvania, DEPARTMENT of PUBLIC WELFARE.**

Supreme Court of Pennsylvania.

Argued March 5, 1991.

Decided Oct. 2, 1991.

Jason W. Manne, Asst. Counsel, Dept. of Public Welfare, Office of Legal Counsel, Pittsburgh, for appellant.

Deborah Barnes, pro se.

Reid T. Barnes, pro se.

Thomas M. Mulroy, Pillar and Mulroy, P.C., Glassport, Anthony A. Seethaler, Jr., Pittsburgh, for Reid T. Barnes.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

ZAPPALA, Justice.

This is an appeal by the Department of Public Welfare (DPW) from an order of the Commonwealth Court 126 Pa.Cmwlth. 330, 559 A.2d 980 affirming the order of the Allegheny County Court of Common Pleas denying DPW's motion to compel the prothonotary to enter judgment on the docket against Appellee, Reid T. Barnes, for arrearages under a support order. The issue presented is what notice, if any, is required to be given to the payor of a support obligation prior to the entry of judgment on arrears under 23 Pa.C.S. § 4352.

On October 13, 1983, Deborah Barnes brought an action against the Appellee for support of their two children. A support order was entered on December 7, 1983 and was subsequently modified. DPW was assigned Mrs. Barnes'

right to support because she was receiving public assistance. 62 P.S. § 432.6(e).

A contempt petition was filed on September 28, 1987 after the Appellee failed to meet his support obligations. Prior to the contempt hearing, the Appellee notified DPW of his intention to seek a reduction in the arrearages based upon a twenty-month period of unemployment.

In response, DPW served notice dated December 18, 1987 on Appellee of its intention to enter judgment on the arrears pursuant to Allegheny County Local Rule 1910.23.[1] As permitted by the local rule, Appellee disputed the arrears and requested a hearing to oppose the entry of

1. The relevant portions of Local Rule 1910.23 provide:

(a) Any party at any time may obtain from Room 534 of the Courthouse a statement of arrears according to the records of the Collection and Disbursement Division.

(b) A plaintiff may obtain a judgment against a defendant who is thirty (30) days or more in arrears under order of court only through the following procedures:

(1) The Plaintiff shall serve on the defendant a written notice in the following form:

. . . . .

(2) On or after the thirtieth (30th) day following the service of the Notice of Intention to Enter Judgment, the plaintiff may file a praecipe for entry of judgment with the Prothonotary provided that it includes a certification that written Notice of Intention to Enter Judgment was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, at least thirty (30) days prior to the date of the filing of this praecipe and that the defendant has not filed with the Prothonotary any notice indicating that he or she disputes the claim. Upon the filing of this praecipe, the Prothonotary shall enter judgment in the amount set forth in the Notice of Intention to Enter Judgment.

(3) If the defendant disputes the claim, the plaintiff shall schedule a conference before a domestic relations counselor. If an agreement is not reached at the conference, a hearing on the plaintiff's claim for arrears shall be heard before a hearing officer pursuant to the procedures set forth in Rule 1910.12. The final order which is entered shall be a judgment in the amount of the arrears as determined by the court.

(4) The party scheduling a conference and hearing pursuant to subsection (c) may at the same time file a petition for civil contempt and/or a petition for attachment of wages and hearings on these petitions may be scheduled at the same time as the conference and hearing described in subsection (c).

judgment against him. The hearing was scheduled for March 28, 1988.

The contempt hearing was held before a hearing officer on December 21, 1987. The hearing officer recommended (1) the Appellee be given leave to file for retroactive modification of the arrears due to his unemployment, and (2) an audit be made of the arrears because of a dispute of the amount shown on the computer printout.

The audit of the arrears was not completed prior to the date scheduled for the hearing on the entry of judgment on the arrears. The hearing was rescheduled for April 25, 1988, but counsel for DPW failed to appear. The hearing officer recommended that (1) DPW's petition be dismissed, (2) Appellee be granted leave to file a petition for adjustment of his arrears, and (3) the arrears be temporarily set at $7,042.45. DPW filed exceptions to the recommendations.

On May 3, 1988, DPW also filed a praecipe with the prothonotary directing him to enter a judgment on the arrears pursuant to Pa.R.C.P. 1910.23. The prothonotary refused. DPW then filed its motion to compel the prothonotary to enter judgment on the docket with the trial court.

In its motion to compel, DPW asserted that (1) Local Rule 1910.23 is invalid as violative of Pa.R.C.P. 1910.23, and (2) the enactment of 23 Pa.C.S. § 4352(c) has the effect of reducing Appellee's arrears to judgment by operation of law and invalidates the procedure of Local Rule 1910.23. Argument was scheduled to be heard on DPW's exceptions and motion to compel at the same time. DPW withdrew its exceptions and elected to proceed on its motion to compel.[2]

The trial court denied the motion to compel. On appeal, the Commonwealth Court affirmed. We granted allocatur

2. Appellee contends that DPW waived the issue of the validity of Local Rule 1910.23 by withdrawing its exceptions. The same issue was raised both in the exceptions and the motion to compel. DPW's decision to proceed on its motion to compel did not act as a waiver of that issue.

limited to the question of notice of the entry of judgment for arrearages under 23 Pa.C.S. § 4352.

The contempt proceedings brought against the Appellee for his failure to comply with the support order were initiated prior to the amendment of 23 Pa.C.S. § 4352 on March 25, 1988. The statute was amended to provide that:

(c) **Arrears as judgments.**—On and after the date it is due, each and every support obligation shall constitute a judgment against the obligor by operation of law, with the full force, effect and attributes of a judgment of court, including the ability to be enforced, and shall be entitled as a judgment to full faith and credit in this or any other state. Past due support obligations shall not become a lien upon the real and personal property of the person ordered to make such payments until the judgment or order has been entered of record in the office of the clerk of the court of common pleas in the county where the real or personal property owned by the person obligated to pay support is located or in the office of the clerk of the branch of the court of common pleas embracing such county in accordance with 42 Pa.C.S. § 4303 (relating to effect of judgments and orders as liens). Execution shall issue thereon pursuant to the Rules of Civil Procedure. The obligation for payment of arrears or past due support shall terminate by operation of law when all arrears or past due support has been paid.

23 Pa.C.S. § 4352(c). In 1989, the statute was again amended and subsection (c) was redesignated as subsection (d), 23 Pa.C.S. § 4352(d).

"Judgment by operation of law" is specifically defined as "[a] judgment which exists without the need for any ministerial act and which arises out of the existence of facts readily verifiable from the domestic relations sections records. The existence of a valid support order and nonpayment of the order, together, create the judgment." 23 Pa.C.S. § 4302.

■ The statute was amended also to restrict a court's authority to modify or remit a support obligation. With certain enumerated exceptions, no court is permitted to modify or remit any support obligation, on or after its due date, except with respect to any period during which a petition for modification is pending. 23 Pa.C.S. § 4352(e). However, the statute does not specifically indicate that this provision shall be applied retroactively with respect to modification of arrearages. Without such clear legislative intent retroactive application of this provision is improper. 1 Pa.C.S. § 1926.

DPW argues that the Appellee's failure to meet his support obligation under the court order constituted a judgment by operation of law. The Appellee asserts that he was entitled to notice under 23 Pa.C.S. § 4352(g), formerly designated as subsection (f), informing him that the existing support order may result in a judgment by operation of law. The Appellee claims that the domestic relations section's failure to provide such notice was a bar to entry in the docket of a judgment by operation of law.

The notice provision set forth in 23 Pa.C.S. § 4352(g) provides:

> (g) **Notice to obligors and obligees.**—The domestic relations section shall mail notice to obligors and obligees of existing orders informing them that such orders may attain the status of a judgment by operation of law. The notice shall explain the nature of a judgment by operation of law and its effect. Further, the notice shall advise each party to a support proceeding of the party's duty to advise the domestic relations section of material changes in circumstance and of the necessity to promptly request a modification as soon as circumstances change.

The notice provision does not state what remedy, if any, is available to an obligor when the domestic relations section fails to mail the requisite notice.

To determine whether there is a remedy available to an obligor who is not provided with the requisite notice, the effect of the amendments to the statute must be examined.

The amendments specifically provided that a past due support obligation shall constitute a judgment against the obligor by operation of law, and restricted a court's authority to modify or remit any support obligation. However, as indicated above, this provision must be applied prospectively only.

Prior to the amendments, Pa.R.C.P. 1910.23 provided a procedure to reduce arrearages in support payments to judgment upon the filing of a praecipe and certificate showing the amount of the arrearages. The change effected by the amendment is that the judgment is created based upon the existence of a valid support order and non-payment of the order without first reviewing the certificate generated by the domestic relations office demonstrating the amount of arrearages owed. Although past due support obligations do not become a lien upon the real and personal property of an obligor until the judgment has been entered of record, the amendment did significantly alter the practical effect of entering a judgment.

More importantly, the amendment restricting the court's authority to modify or remit any support obligation was a drastic change. Until that change, the law in the Commonwealth had been that a court may remit, correct, or reduce the amount of the arrearages at any time. The discretionary powers of the court were restricted by the legislature in order to comply with the Child Support Enforcement Amendment of 1986, a Congressional amendment to Title IV–D of the Social Security Act. Congress amended Title IV–D in 1986 to require the states to prohibit retroactive modification of arrearages as a condition for the continued receipt of AFDC funds by the state. *See*, 42 U.S.C. § 666(a)(9); *Jackman v. Pelusi*, 379 Pa.Super. 361, 550 A.2d 199 (1988).

The 1988 amendment to 23 Pa.C.S. § 4352 foreclosed obligors such as the Appellee from seeking a modification in the arrearages except with respect to any period during which a petition for modification was pending. The notice required under subsection (g) of the statute was intended to

alert obligors of the need to promptly request a modification as soon as circumstances change. The failure of the domestic relations section to provide the notice to Appellee arguably affected the Appellee's ability to adjust arrearages, if in fact circumstances warranted it. Taking into consideration the legislative presumption against statutory retroactivity and the domestic relation's office's failure to timely notify the Appellee of the substantial change in the law, it would be inequitable to permit a judgment to be entered for arrearages incurred prior to March 25, 1988, the effective date of section 4352(e).

█ The Commonwealth Court held that to permit a judgment by operation of law with regard to alleged arrearages existing as of the date of the Act without notice and a reasonable opportunity to act would be an unconstitutional deprivation of property without due process of law. To a certain extent we agree. By promulgating the notice provisions of section 4352(g), the legislature evinced its concern and intent to give notice to existing obligors under current orders prior to the implementation of the new provisions regarding modification of arrearages. Thus on all orders subsequent to the effective date of § 4352(e), obligors would be on notice of their responsibility to immediately seek modification of their support order should there be a decline in their earning capacity.

In this instance, the Appellee sought a reduction in his arrearages based upon a twenty-month period of unemployment. Under the new amendment, the Appellee would have to notify the domestic relation's office as soon as he was laid off in order to receive any modification. Prior to the amendment, this was not the case. Since the legislature did not demonstrate its intent to alter the Court's authority to retroactively modify arrearages for a period of time prior to the filing of a petition for modification, we decline to do so. Thus, arrearages occurring prior to March 25, 1988, would not be subject to § 4352(e). The Appellee is entitled to seek retroactive modification of his arrearages for the period prior to March 25, 1988, based upon his alleged unemploy-

266

ment. Once that issue is resolved, DPW may proceed to judgment, if appropriate, under § 4352(d).

The order of the Commonwealth Court is affirmed.

CAPPY, J., concurs in the result.