# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sir John Withrow,          :
                       :
          Petitioner   :
                       :
          v.           : No. 1340 C.D. 2018
                       : Submitted: March 1, 2019
Pennsylvania Board of  :
Probation and Parole,    :
                       :
          Respondent : 

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ROBERT SIMPSON, Judge[1]
                HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                        FILED: October 17, 2019

Sir John Withrow (Withrow) petitions for review from a final action of the Pennsylvania Board of Probation and Parole (Board) that dismissed his appeal challenging the calculation of his maximum sentence date as untimely.

On May 25, 2011, Withrow pled guilty to two counts of possession of controlled substances with the intent to deliver. He was sentenced to an aggregate term of three years, four months to eight years, effective May 19, 2011, with a minimum expiration date of September 19, 2014, and a maximum expiration date of May 19, 2019. Certified Record (C.R.) at 1. Withrow was subsequently released on parole on September 21, 2014. C.R. at 7. On December 8, 2014, he was ordered to enter the "Halfway Back Program" at Gateway Braddock for a minimum of 90 days.

---

[1] This matter was assigned to this panel before September 1, 2019, when Judge Simpson assumed the status of senior judge.

C.R. at 12, 17, 39. On March 25, 2015, the Board declared Withrow delinquent for various technical violations of his parole. C.R. at 13. He waived his rights to counsel and to a violation hearing and admitted to the violations as charged. On May 27, 2015, the Board ordered Withrow recommitted to a Parole Violator Center (PVC) for up to six months. C.R. at 20, 27, 30. He successfully completed this program and was reparoled on July 27, 2015. C.R. at 31-33.

On October 8, 2015, Withrow was arrested on new criminal charges and the Board issued a detainer warrant that day. C.R. at 36. Withrow waived his rights to counsel and to a detention hearing on October 22, 2015. C.R. at 42. By decision recorded November 16, 2015, the Board ordered him detained pending disposition of his new criminal charges. C.R. at 49.

On May 2, 2016, Withrow pled guilty to possession of a prohibited firearm, possession of a controlled substance, and driving without a license. C.R. at 50. He was sentenced to three to six years of incarceration plus two years of probation and was given credit for 292 days of time already served. C.R. at 50-51. Based on these convictions, the Board ordered Withrow recommitted as a convicted parole violator to serve 24 months' backtime, with no credit for the time that he spent on parole. C.R. at 61-68, 82-85.

The Notice of Board Decision was mailed on November 14, 2016. It stated in part as follows:

> THIS DECISION INVOLVES AN ISSUE THAT IS SUBJECT TO THE BOARD'S ADMINISTRATIVE REMEDIES PROCESS. SEE 37 PA. CODE. SEC. 73. FAILURE TO ADMINISTRATIVELY APPEAL THE DECISION MAY AFFECT YOUR LEGAL RIGHTS. IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY (30)

2

DAYS OF THE MAILING DATE OF THIS DECISION. THIS REQUEST SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASES FOR THE ALLEGATIONS. YOU HAVE THE RIGHT TO AN ATTORNEY IN THIS APPEAL AND ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT. YOU MAY BE ENTITLED TO COUNSEL FROM THE PUBLIC DEFENDER'S OFFICE AT NO COST. ENCLOSED WITH THIS BOARD DECISION IS AN ADMINISTRATIVE REMEDIES FORM AND ADDRESSES OF ALL THE CHIEF PUBLIC DEFENDERS IN THE COMMONWEALTH. ANY REQUEST FOR A PUBLIC DEFENDER SHOULD BE SENT DIRECTLY TO THE PUBLIC DEFENDER'S OFFICE IN THE COUNTY WHERE YOU CURRENTLY RESIDE.

C.R. at 85.

On December 6, 2016, nine days prior to the appeal deadline, the Allegheny County Public Defender's Office (Public Defender's Office) received a letter from Withrow, asking it to file an administrative appeal on his behalf. However, the Public Defender's Office did not review Withrow's request until December 19, 2016, after the appeal deadline had passed. By letter dated December 20, 2016, the Public Defender's Office responded to Withrow, acknowledging his letter, his request for representation, and the office's delay in responding. Citing a lack of documentation and information, the letter advised Withrow that the Public Defender's Office would not be taking any action on his behalf concerning his appeal. The letter also advised Withrow that he could request the Board to consider his administrative appeal *nunc pro tunc*, asserting reasons why it should do so, or that he could file a *pro se* petition for review with Commonwealth Court. *Pro Se* Petition for Judicial Review, attachment to Appendix C, at 1.

Thereafter, Withrow filed an administrative remedies form with the Board, challenging the date of his recommitment, the computation of his maximum

3

sentence date, and the Board's refusal to grant him credit for time spent in the PVC. C.R. at 88-89. The administrative remedies form was dated December 14, 2016, and postmarked December 30, 2016. By response dated and mailed on August 16, 2018, the Board dismissed Withrow's petition for administrative review of the Board's November 14, 2016 determination as untimely. C.R. at 90.

On September 20, 2018, Withrow, *pro se,* filed a petition for review, a motion to proceed *in forma pauperis*, and a motion for appointment of counsel with this Court. With court-appointed counsel, Withrow filed an amended petition for review, arguing that his administrative appeal to the Board was untimely due to circumstances beyond his control. Additionally, Withrow asserts that the Board erred by failing to grant him credit for all time spent in custody, including time spent at the halfway house and the PVC.[2]

The Board responds that it properly denied Withrow's appeal as untimely. The Board asserts that the language in the Notice of Board Decision informed Withrow that he must file a request for administrative relief with the Board within 30 days of the mailing date of the decision and advised him of his right to an attorney. The Board further observes that the letter from the Public Defender's Office advised Withrow that if he sent in his appeal late, he should request the Board to accept it *nunc pro tunc*, and Withrow did not do so. The Board maintains that because Withrow did not explain why his appeal was not received by the Board on

---

[2] In reviewing a recommitment decision, this Court's review is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether the decision is in accordance with the law, and whether the Board violated any of the parolee's constitutional rights. *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1093 n.1 (Pa. Cmwlth. 2013).

4

or before the December 14, 2016, filing deadline, the Board did not err in denying Withrow's appeal as untimely.[3]

---

[3] The Board's regulations provide that an appeal or petition for administrative review of a revocation decision must be received within 30 days of the mailing date of the Board's order or the appeal will be dismissed as untimely. 37 Pa. Code §73.1(a)(1), (b)(1); *see also* Section 6113(d)(1) of the Prisons and Parole Code, 61 Pa. C.S. §6113(d)(1); *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013). The 30-day period for an appeal of a revocation decision is jurisdictional and cannot be extended absent a showing of fraud, a breakdown of the administrative process, non-negligent circumstances affecting the petitioner, or the intervening negligence of the petitioner's appointed counsel, which deprives the petitioner of effective assistance of counsel. 81 A.3d at 1094. A delay in filing an appeal that is not attributable to the parolee may be sufficient to warrant *nunc pro tunc* relief. *Id.*; *Larkin v. Pennsylvania Board of Probation and Parole*, 555 A.2d 954, 957-58 (Pa. Cmwlth. 1989).

Indigent parolees are entitled to the assistance of counsel both at parole revocation hearings and in subsequent appeals as of right. *Bronson v. Pennsylvania Board of Probation and Parole,* 421 A.2d 1021, 1026 (Pa. 1980), *cert. denied,* 450 U.S. 1050 (1981). The right to assistance of counsel includes the right to assistance in the task of perfecting an appeal from a denial of administrative relief by the Board. *Bronson*, 421 A.2d at 1026. If Withrow has been deprived of effective assistance of counsel with respect to his administrative appeal, he has not waived his right to challenge the Board's recommitment order for failing to timely seek relief from that order. *Larkin*, 555 A.2d at 957. In order to prevail on a claim of ineffective assistance of counsel, a parolee must show that counsel made errors so serious that he or she was not functioning as guaranteed by law, and that the deficient representation prejudiced the parolee's defense. *Larkin*, 555 A.2d at 957.

In *Larkin*, this Court considered a claim of ineffective assistance of counsel where the petitioner alleged that he had requested another Public Defender's Office to perfect an appeal prior to the expiration of the 30-day appeal period and that that Public Defender's Office failed to do so; as a result the Board dismissed the petitioner's appeal as untimely. We stated:

> If in fact the Petitioner did request his attorney to file an appeal, the failure to do so may have constituted ineffective assistance of counsel. And if the untimeliness of Petitioner's appeal were the result of some third party's intervening negligence, then an appeal *nunc pro tunc* under these circumstances would be appropriate. A showing must be made that fraud, duress or coercion caused the delay and for appeal purposes, negligence on the part of administrative officials may be deemed to be the equivalent of fraud.

Preliminarily, we note that Withrow's petition for review of the Board's August 16, 2018 determination was filed with this Court on September 20, 2018, more than 30 days after entry of the Board's order. "A petition for review of a quasi-judicial order . . . shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Pa. R.A.P. 1512(a)(1). "An appellate court . . . may not enlarge the time for filing . . . a petition for review." Pa. R.A.P. 105(b).

In *Altieri v. Commonwealth*, 495 A.2d 213 (Pa. Cmwlth. 1985), the Board recommitted the petitioner to serve 24 months' backtime as a technical parole violator. In a subsequent modified order, the Board also recommitted the petitioner to serve 24 additional months as a convicted parole violator. The petitioner filed two requests for administrative relief, which the Board denied on November 22, 1983, and December 15, 1983. On February 29, 1984, the petitioner filed a petition for review with this Court.

We explained that "[t]he timeliness of an appeal and compliance with the statutory provisions which grant the right of appeal go to the jurisdiction of the court to hear and decide the appeal." 495 A.2d at 214. A court has no power to extend the period for taking an appeal, absent fraud or a breakdown in the court's operation. *Id.* We determined that the petition for review was filed well beyond the

*Larkin*, 555 A.2d at 957 (citations omitted). Here, the Board's decision was mailed to Withrow on November 14, 2016. Withrow sent a letter to the Public Defender's Office requesting representation for his administrative appeal of the Board's decision. That letter was received by the Public Defender on December 6, 2016, but the Public Defender did not review Withrow's request until 13 days after its receipt, and after the deadline to file an administrative appeal had passed.

As an appendix to his petition for review, Withrow included a copy of the letter from the Public Defender's Office as a proffer of evidence demonstrating that he timely sought assistance in appealing the Board's determination. Because that document is not part of the certified record, we cannot consider it. As in *Larkin* and *Smith*, the record here is insufficient to determine whether Withrow's ineffective assistance of counsel claim has merit.

mandatory 30-day appeal period and that the petitioner had not alleged fraud or a administrative breakdown that would justify an extension of time. Accordingly, although the Board had not raised the timeliness issue, the Court raised it *sua sponte* and dismissed the petitioner's appeal as untimely filed.

Similarly, here, while the Board has not raised the issue of timeliness, we do so *sua sponte*. As in *Altieri*, Withrow has not asserted extraordinary circumstances warranting the grant of *nunc pro tunc* relief,[4] and his failure to file a timely petition for review deprives this Court of jurisdiction to consider the merits of his contentions. 495 A.2d at 214. Therefore, we dismiss Withrow's petition for review as untimely filed. *Altieri*, 495 A.2d 214. *See also Ricketts v. Central Office Review Committee of the Department of Corrections*, 557 A.2d 1180, 1181-82 (Pa. Cmwlth. 1989) (dismissing *sua sponte* the petitioner's untimely appeal from an administrative agency's decision for lack of subject matter jurisdiction); *Wagner v. Pennsylvania Board of Probation and Parole*, 522 A.2d 155, 157 (Pa. Cmwlth. 1987) (subject matter jurisdiction may be raised at any time *sua sponte* by an appellate court).

Accordingly, we dismiss Withrow's petition for review as untimely filed.

_____
MICHAEL H. WOJCIK, Judge

---

[4] An appeal *nunc pro tunc* may be allowed where the delay in filing was caused by extraordinary circumstances involving fraud or a breakdown in the administrative process or non-negligent circumstances related to the petitioner, his attorney, or a third party. *Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130, 1131 (Pa. 1996).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Sir John Withrow, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1340 C.D. 2018 |
| | : | |
| Pennsylvania Board of | : | |
| Probation and Parole, | : | |
| | : | |
| Respondent | : | |

# **O R D E R**


AND NOW, this 17th day of October, 2019, the petition for review, filed September 20, 2018, is hereby DISMISSED as untimely filed.


 

_____

MICHAEL H. WOJCIK, Judge