IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank Tarr,                     :
          Petitioner        :
                       :
      v.                :    No. 1296 C.D. 2022
                       :    Submitted: February 6, 2024
Pennsylvania Parole Board,   :
          Respondent    :


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                      FILED:  March 11, 2024

Frank Tarr (Petitioner) has petitioned this Court to review a decision of the Pennsylvania Parole Board (Board), mailed April 8, 2022, which dismissed as untimely his request for administrative relief.  Additionally, Harry J. Cancelmi, Esq. (Counsel), Petitioner's court-appointed counsel, has filed an application to withdraw,[1] asserting this appeal is untimely and lacks merit.  After careful review, we quash the petition for review as untimely filed and grant Counsel's petition to withdraw.

## I. BACKGROUND

While on parole in 2017, Petitioner was arrested on new charges, had his parole revoked, and was recommitted as a convicted parole violator (CPV).  *See* Sentence Status Summ., 3/13/09; Order to Release on Parole, 10/25/16; Bd. Action, 1/22/18.  Petitioner was again paroled on June 14, 2019; at that time, his maximum

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

sentence date was May 28, 2024. *See* Order to Recommit, 7/31/18; Order to Release on Parole, 6/14/19. However, he was arrested on new charges on August 25, 2019. *See* Bd. Action, 10/16/19. Thereafter, Petitioner waived his right to counsel and a revocation hearing. *See* Waiver, 10/21/21.

On January 21, 2022, the Board revoked his parole, recommitted him as a CPV, and recalculated his maximum date as December 30, 2025. *See* Revocation Hr'g R., 10/26/21; Order to Recommit, 1/14/22; Notice of Bd. Decision, 1/21/22. The Board also informed Petitioner that he had 30 days to file an administrative appeal and, specifically, that he must file a request for administrative relief *with the Board*.[2] *See* Notice of Bd.'s Decision.

On March 21, 2022, Petitioner sought administrative review with the Board, challenging the recalculation of his maximum sentence date. *See* Pet. for Admin. Rev., 3/21/22.[3] On April 8, 2022, the Board dismissed Petitioner's request as untimely because it had not been submitted to prison officials for mailing within the 30-day timeframe provided by the Pennsylvania Code.[4] *See* Resp. to Correspondence, 4/8/22.

---

[2] According to documents attached to Petitioner's Petition for Review, he submitted an inmate request to the Department of Corrections, requesting a recalculation of his sentence. *See* Pet. for Review, 11/18/22, Ex. H. Petitioner submitted a second inmate request on February 24, 2022. *See id.*, Ex. I.

[3] The Board received the correspondence from Petitioner on March 23, 2022, but noted that it had been postmarked on March 21, 2022. *See* Bd's Resp. to Correspondence, 4/8/22. Pursuant to the "prisoner mailbox rule," *pro se* legal filings of prisoners are deemed filed on the date they are "given to prison officials or put in the prison mailbox." *See Kittrell v. Watson*, 88 A.3d 1091, 1096 (Pa. Cmwlth. 2014).

The petition is identified in the original record as "correspondence." However, the Board treated this correspondence as a "petition for administrative review." *See* Bd.'s Resp. to Correspondence. We will refer to it similarly.

[4] 61 Pa. Code §§ 61.1-79.87.

On November 18, 2022, Petitioner *pro se* filed in this Court a petition for review of the Board's decision, challenging the Board's computation of his maximum sentence date and the Board's finding that his request for administrative review was untimely.[5] *See* Pet. for Rev., 11/18/22. Subsequently, on January 24, 2023, Counsel entered appearance on Petitioner's behalf but thereafter filed an application seeking to withdraw, contending that the appeal was meritless and that he could discern no additional meritorious issues. *See* Appl. to Withdraw as Counsel & Br., 5/10/23, at 1-8.

## II. *TURNER/FINLEY* REQUIREMENTS

We first consider whether Counsel's application to withdraw complies with the *Turner/Finley* requirements. A *Turner/Finley* letter must detail "the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw." *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (citation omitted).

Further, counsel must "also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Id.* (citation omitted). If counsel satisfies these technical requirements, we must then conduct our own review of the merits of the case. *Id.* If we agree that the claims are without merit, we will permit counsel to withdraw and deny relief. *Id.*

---

[5] In his petition, Petitioner asserted his belief that his application was not untimely because he had promptly sought relief from the Department of Corrections in the first instance. *See* Pet. for Rev., 11/18/22, at 3. We note that the 30-day administrative appeal period may not be extended when a delay in filing is attributable to a parolee. *See Smith v. Pa. Bd. of Prob. & Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013); 37 Pa. Code § 73.1.

Upon review, we conclude that Counsel has satisfied the technical requirements of *Turner*/*Finley*. Counsel discussed the nature of his review, identified the issues raised in Petitioner's administrative appeal—namely, the calculation of his maximum date following his recommitment to Pennsylvania state custody, and the finding that the appeal was untimely filed—and explained why those issues lack merit. *See id.*

Counsel sent a copy of the brief and application to withdraw to Petitioner and advised him of his right to proceed *pro se* or with new counsel. *See* Appl. to Withdraw as Counsel and Brief at 1-8; Proof of Serv., 5/10/23. Petitioner has not retained new counsel, and he has not filed a *pro se* response.

### III. DISCUSSION[6]

Before we may examine the issues raised in the petition for review, we must consider whether it was timely filed in this Court. A petitioner must file a petition for review with this Court within 30 days after the entry of a Parole Board order denying his petition for administrative review. *See Hill v. Pa. Bd. of Prob. & Parole*, 683 A.2d 699, 701 (Pa. Cmwlth. 1996); 42 Pa.C.S. § 763; 37 Pa. Code § 73.1. The Rules of Appellate Procedure also provide that "[a] petition for review of a quasijudicial order . . . shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Pa.R.A.P. 1512(a)(1).

"An appellate court . . . may not enlarge the time for filing . . . a petition for review[.]" Pa.R.A.P. 105(b). As this Court has explained, "[t]he timeliness of an appeal and compliance with the statutory provisions which grant the right of

---

[6] Our standard of review is limited to determining whether the Board committed an error of law, whether its findings are supported by substantial evidence, and whether its decision violated constitutional rights. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013); *see also* Section 704 of the Admin. Agency Law, 2 Pa.C.S. § 704. The Board has not filed a brief.

appeal go to the jurisdiction of the court to hear and decide the appeal." *Altieri v. Pa. Bd. of Prob. & Parole*, 495 A.2d 213, 214 (Pa. Cmwlth. 1985).

In this case, the Board responded to Petitioner's untimely petition for administrative review on April 8, 2022. *See* Resp. to Correspondence. In its response, the Board informed Petitioner of his appellate rights. *See id.* Accordingly, Petitioner had until May 9, 2022,[7] to petition this Court for appellate review. *See Hill*, 683 A.2d at 701.

Petitioner did not file his petition for review in this Court until November 18, 2022, more than six months beyond the expiration of the 30-day statutory period. *See* Pet. for Rev.[8] Thus, Petitioner did not timely seek relief in this Court, and we lack jurisdiction to consider his petition.[9] *See Hill*, 683 A.2d at 701; *Altieri*, 495 A.2d at 214.

---

[7] The 30-day date to appeal was May 8, 2022, a Sunday. *See* 1 Pa.C.S. § 1908 (whenever the last day of the appeal period falls on a weekend or on any legal holiday, such day shall be omitted from the computation of time).

[8] We note that Counsel's brief contains a typographical error. The brief states that "[n]o petition to the Commonwealth Court was filed until April 8, 2022." *See* Counsel's Br. at 7. However, this Court's docket is clear that the petition was filed November 18, 2022.

[9] Petitioner has not alleged any fraud or breakdown in the administrative process that would allow us to consider the appeal *nunc pro tunc*. *See Altieri*, 495 A.2d at 214.

Accordingly, we quash the petition for review as untimely and grant Counsel's application to withdraw.[10]

_____

LORI A. DUMAS, Judge

[10] *See e.g.*, *Commonwealth v. Akbar* (Pa. Super. No. 3194 EDA 2019, filed Feb. 16, 2021), slip op. at 7 (quashing appeal due to untimely filing of notice of appeal, and granting counsel's application to withdraw); *see also Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018) (while Superior Court decisions are not binding on this Court, they offer persuasive precedent where they address analogous issues); *see also* Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank Tarr,                          :
                    Petitioner       :
                                     :
          v.                         :    No. 1296 C.D. 2022
                                     :
Pennsylvania Parole Board,           :
                    Respondent       :

# **O R D E R**

AND NOW, this 11th day of March, 2024, the petition for review is QUASHED as untimely.  The Application to Withdraw as Counsel filed by Harry Cancelmi, Esq. is GRANTED.

_____
LORI A. DUMAS, Judge