Victor K. EDWARDS, Petitioner

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 21, 2010.

Decided July 29, 2010.

Victor K. Edwards, petitioner, pro se.

No appearance entered on behalf of respondent.

BEFORE: LEADBETTER, President Judge, and LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY President Judge LEADBETTER.

Before this court is a motion by the Unemployment Compensation Board of Review (Board) to strike an Amended Petition for Review and the Petitioner's cross-motion to allow the amendment. At issue is whether a timely filed Petition for Review may be amended where both the motion to amend and the amendment are filed after the time for filing a Petition for Review has expired.

Petitioner, Victor K. Edwards, was employed by Securitas Security Services (Employer) as a security guard until February 22, 2009. Petitioner is a resident alien.[1] Employer terminated Petitioner's employment because he failed to provide Employer with a valid green card or other documentation permitting him to work legally.

Petitioner filed for unemployment compensation benefits, which were denied by the Job Center. The Job Center determined that Petitioner was eligible for benefits under Section 402(e) of the Unemployment Compensation Law[2] (Law), 43 P.S. § 802(e), but was ineligible for benefits under Section 401(d)(1), 43 P.S. § 801(d)(1), of the Law because he lacked a valid green card. Section 401(d)(1) requires that Petitioner demonstrate that he is able and available for suitable employment. Petitioner appealed the Job Center Determination.

A referee held a hearing at which Employer's Human Resources Manager, Cornelia Haymond, and Petitioner testified. Haymond testified that she requested that Petitioner provide Employer with a valid authorization to work and that Petitioner was terminated for failing to do so. Petitioner testified that he had valid authorization to work pending resolution of his application to remove conditions on residence and was awaiting receipt of a new green card. Petitioner also testified that he could get his Sierra Leone passport stamped as an alternative, but his

1. Petitioner is married to an American citizen and as a result has been a conditional permanent resident since 1994. A conditional permanent resident must renew his residence card every two years. On January 30, 2008, Petitioner applied to the United States Citizenship and Immigration Services (USCIS) to remove the conditions from his permanent residency. Petitioner attended an interview with USCIS on April 7, 2009, regarding his application. Upon the grant of Petitioner's

application, he will have unconditional, legal, permanent residence and receive a new green card. Petitioner's counsel asserts that he received the unconditional card after the decision of the Board but, obviously, that is not in the record.

2. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 751—914.

passport had expired. The referee requested that Petitioner provide some form of written authorization to work. Petitioner was unable to produce a written authorization document from the government, but produced a letter from an immigration attorney, dated June 12, 2009, which opined that, "While Mr. Edwards' waiver application is pending, then, he is still considered a permanent resident of the United States and has the rights of permanent residents to live and work in the United States." (Certified Record at Item # 11). The referee issued a decision denying Petitioner benefits determining that Petitioner was ineligible for benefits under Section 401(d)(1) because he did not have valid authorization to work in the United States. Petitioner appealed, *pro se*, to the Unemployment Compensation Board of Review (Board). The Board affirmed the referee's decision.

Thereafter, Petitioner filed a timely *pro se* letter dated September 28, 2009, requesting appellate review in this court. On September 29, 2009, this court directed Petitioner to file a proper petition for review within 30 days, pursuant to 210 Pa. Code § 67.13. Claimant timely filed a petition for review on October 27, 2009. On December 18, 2009, Petitioner obtained counsel. On January 17, 2010, without his counsel's knowledge, Petitioner filed a *pro se* appeal brief. On February 8, 2010, counsel filed an amended petition for review. The Chief Clerk notified counsel that Petitioner had filed a *pro se* brief.[3] On February 17, the Board filed a motion to strike Petitioner's amended petition for

review. On February 18, 2010, counsel filed an application for leave to file an amended petition for review, to strike Petitioner's *pro se* brief and to stay the briefing schedule pending disposition of the application. On March 25, 2010, this court issued an order stating that Petitioner's application to file an amended petition for review would be treated as a response to the Board's motion to strike the amended petition for review. The court also ordered that Petitioner's *pro se* brief be stricken. The briefing on the merits of Petitioner's appeal is stayed pending resolution of the motion to strike the amended petition for review.

The Board asserts that Appellate Rule 105[4] expressly forbids the enlargement of time for the filing of a petition for review with the only exception being the procedure for perfection of a *pro se* communication pursuant to 210 Pa.Code § 67.13. The Board argues that because Petitioner was given the opportunity to perfect his petition for review once already, Petitioner is prohibited by Appellate Rule 105 from filing an amended petition for review. Petitioner contends that the amended petition for review does not raise any new issues, but rather clarifies the objections and issues raised before the referee, the Board, and in the *pro se* petition for review, and thus, the amended petition for review does not give rise to a jurisdictional defect or require a *nunc pro tunc* appeal.

■ Petitioner's first attempt to appeal to this court by letter was plainly inadequate. However, pursuant to Common-

---

**3.** Petitioner currently resides in a homeless shelter and is represented by counsel from the Homeless Advocacy Project. Counsel has been unable to contact Petitioner.

**4.** Appellate Rule 105(b) provides:

(b) Enlargement of time. An appellate court for good cause shown may upon application enlarge the time prescribed by

these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time, but the court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review.

wealth Court Internal Operating Procedure (IOP) § 211, 210 Pa.Code. § 67.13, Petitioner was given an opportunity to remedy the defects in his petition. IOP § 211 provides in relevant part:

(a) Upon receipt by the chief clerk from a pro se party of a written communication which evidences an intention to appeal, the chief clerk shall timestamp the writing with the date of receipt. The chief clerk shall advise the party by letter:

(1) As to the procedures necessary to perfect the appeal.

(2) That the date of receipt of the pro se communication will be preserved as the date of filing of the appeal, on condition that the party files a proper petition for review within 30 days of the date of the letter from the chief clerk. If the party fails to file a proper petition for review within that period, the chief clerk shall advise the party by letter that the court will take no further action in the matter.

210 Pa.Code § 67.13. Petitioner filed a timely and adequate petition for review in response to the Chief Clerk's letter. Thus, the date of Petitioner's original letter was preserved as the filing date and our jurisdiction over this appeal was perfected. In addition, the issues raised in the *pro se* petition for review were preserved for appellate review. *Larocca v. Workmen's Comp. Appeal Bd. (The Pittsburgh Press),* 140 Pa.Cmwlth. 192, 592 A.2d 757 (1991).[5]

■ However, neither counsel's Amended Petition for Review nor the motion to amend was filed within the time allowed under IOP § 211, and this court has not addressed the question of whether a Petition for Review can be amended under such circumstances. Our Supreme Court has recently decided a similar case in the context of Appellate Rule 1925(b), so we will begin our analysis there, because a petition for review and a Rule 1925(b) statement function in much the same way. Both are procedures under which the petitioner/appellant is required, well in advance of appellate briefing, to identify the issues he intends to raise on appeal. This allows the parties to make appropriate designations as to the contents of the reproduced record [6] and to verify that the original record certified by the trial court or administrative agency is complete and contains all the record information necessary for determination of the issues cited. Only the issues set out by the petitioner/appellant in the petition for review or the 1925(b) statement are preserved for appeal. All others are deemed waived.

■ Appellate Rule 1925(b)(2) requires that the appellant file a concise statement of errors complained of on appeal within 21 days of entry of the trial court's final order. The trial court may upon good

---

5. In *Larocca,* this court relied upon Appellate Rule 1503 in determining that IOP § 211 was not an impermissible enlargement of the time to file a petition for review in contravention of Appellate Rule 105(b). Appellate Rule 1503 provides:

If an appeal is taken from an order of a government unit, or if a complaint in the nature of equity, replevin, mandamus, or quo warranto, or a petition for a declaratory judgment or for a writ in the nature of certiorari or prohibition is filed against a government unit or one or more of the persons for the time being conducting its

affairs objecting to a determination by any one or more of them, this alone shall not be a ground for dismissal. The papers whereon the improvident matter was commenced shall be regarded and acted upon as a petition for review of such governmental determination and as if filed at the time the improvident matter was commenced. The court may require that the papers be clarified by amendment.

Pa. R.A.P. 1503.

6. *See* Pa. R.A.P. 2154.

cause shown enlarge the 21–day filing period or permit an amended or supplemental statement to be filed. Pa. R.A.P. 1925(b)(2). Further, in extraordinary circumstances, the trial court may allow for the filing of a statement or amended or supplemental statement *nunc pro tunc.*[7] *Id.* Recently in *Tucker v. R.M. Tours,* 602 Pa. 147, 977 A.2d 1170 (2009), our Supreme Court held that the trial court has the discretion to *sua sponte* direct the appellant to file a *supplemental* Rule 1925(b) statement to clarify a non-concise statement of issues contained in a *timely filed* initial statement. The Court stated that "[a]llowing the court to seek clarification of a non-concise statement is a salutary practice, designed to effectuate appropriate appellate review." *Tucker,* 602 Pa. at 153, 977 A.2d at 1173. As the Court further explained, however: "any amended or supplemental statement filed after the time provided in the original order may not raise issues not contained in the original statement. *Our holding today permits clarification, not addition, and issues not timely raised in the original statement are waived." Id.* (emphasis added).

■ Similarly, we believe that petitioner may not amend his petition for review beyond the 30–day filing period in order to raise new issues. Here, however, counsel argues that he is not raising any new issues in his amended petition for review, but rather clarifying the issues and refining the arguments raised in the *pro se* petition for review. We agree with this statement. As counsel notes, Petitioner's argument, however inartfully stated, has always been that he was, in fact, authorized and eligible to work while his application to remove conditions from his residency status was pending, and thus, that the Referee and the Board erred in finding to the contrary. This argument is fully preserved for appellate review. Counsel's proffered amendment contains a more detailed analysis of this question, but does not present any additional issues for this court to decide on appeal.[8]

■ This is not to say, however, that the amended petition is properly received. Notwithstanding the holding in *Tucker* permitting the filing of an amended 1925(b) statement in order to clarify issues raised in the original statement, we believe that such a procedure is of no utility in the petition for review context. In addition to the common purposes described above, a 1925(b) statement also provides notice to the trial court of the issues that will be pursued on appeal and, therefore, aids the trial court in drafting its 1925(a) opinion. No such intermediate step is involved here; after the petition for review is filed, the appeal proceeds directly to briefs on the merits, where clarification and detailed analysis of the questions will certainly be made. Thus, once the time for filing a petition for review has expired, the filing of an amended petition is of no import. To the extent it would add additional issues, it

7. Prior to the 2007 amendment, Appellate Rule 1925 did not permit a court any discretion regarding the time period for the filing of a 1925(b) statement and failure to timely file a 1925(b) statement resulted in automatic waiver. *See Commonwealth v. Castillo,* 585 Pa. 395, 888 A.2d 775 (2005).

8. Counsel also avers in the amended petition for review that since the Board's decision, Petitioner has been granted permanent resident status retroactive to 1992. This, however, would appear to be an issue more properly raised in a motion to remand for consideration of after-discovered evidence rather than in the petition for review, which is the document designed to perfect the court's appellate jurisdiction and set out the issues to be determined by this court. If counsel wishes to file such an application as an independent motion, he can do so at any time.

is improper; to the extent it does not, it is surplusage.

Accordingly, we grant the motion to strike Petitioner's amended petition for review.

### ORDER

AND NOW, this 29th day of July, 2010, Petitioner's Amended Petition for Review in the above-captioned matter is hereby STRICKEN. The Chief Clerk is directed to establish an expedited briefing schedule on the merits of this appeal.