IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Winchilla,            :
           Petitioner        :
           :
       v.            :
           :
Workers' Compensation Appeal    :
Board (Nexstar Broadcasting),     :   No. 213 C.D. 2014
           Respondent     :   Argued: April 15, 2015


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
             HONORABLE BERNARD L. McGINLEY, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
             HONORABLE ROBERT SIMPSON, Judge
             HONORABLE MARY HANNAH LEAVITT, Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE PELLEGRINI[1]          FILED: September 18, 2015


       Robert Winchilla (Claimant) petitions for review of the order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) which granted Nexstar Broadcasting's (Employer) petition to modify Claimant's benefits (modification petition) from

---

[1] This case was argued seriately with *Protz v. Workers' Compensation Appeal Board (Derry Area School District)* (Pa. Cmwlth., No. 1024 C.D. 2014, filed September 18, 2015).

total to partial disability under Section 306(a.2) of the Workers' Compensation Act (Act).[2] For the reasons that follow, we affirm.

The following facts are not in dispute. In August 2002, Claimant sustained a work injury to his lower back, which Employer acknowledged via notice of compensation payable. Claimant returned to work until February 2005 when worsening pain rendered him unable to perform his job duties. Subsequently, Claimant submitted to an impairment rating evaluation (IRE) performed by John A. Kline, Jr., M.D., who provided a whole-body impairment rating of five percent under the Sixth Edition of the American Medical Association's (AMA) *Guides to the Evaluation of Permanent Impairment* (*Guides*).

In September 2010, Employer filed a modification petition, seeking to convert Claimant's total disability benefits to partial disability benefits, thereby reducing the amount of compensation that could be paid to 500 weeks. *See* Section 306(a.2)(7) of the Act, 77 P.S. §511.2(7) ("In no event shall the total number of weeks of partial disability exceed five hundred weeks for any injury or recurrence thereof, regardless of the changes in status in disability that may occur…."). In his answer to the modification petition, Claimant contended that the Act's "IRE provisions are: as applied to Claimant and/or facially, unconstitutional, capricious, arbitrary, not reasonably calculated, confiscatory, not to be used to assess disability

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §511.2, *added by* the Act of June 24, 1996, P.L 350.

2

in the workers' compensation sense and extinguish rights." (Answer to Modification Petition, at 1.)

A claimant is partially disabled if he or she has a total impairment rating of less than fifty percent. *See* Section 306(a.2)(2) of the Act, 77 P.S. §511.2(2). The impairment rating is determined pursuant to Section 306(a.2) of the Act, providing that it shall be determined under "the most recent edition of the American Medical Association 'Guides to the Evaluation of Permanent Impairment,'" which provides a percent of impairment for each particular injury.[3]

---

[3] Section 306(a.2) of the Act provides:

(1) When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any. **The degree of impairment shall be determined** based upon an evaluation by a physician who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties approved board or its osteopathic equivalent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, or as designated by the department, **pursuant to the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."**

(2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than fifty per centum impairment **under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment,"** the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits under clause (a). If such determination results in an impairment rating less than fifty per centum impairment **under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent**

**(Footnote continued on next page…)**

(continued…)

**Impairment,"** the employe shall then receive partial disability benefits under clause (b): Provided, however, That no reduction shall be made until sixty days' notice of modification is given.

(3) Unless otherwise adjudicated or agreed to based upon a determination of earning power under clause (b)(2), the amount of compensation shall not be affected as a result of the change in disability status and shall remain the same. An insurer or employe may, at any time prior to or during the five hundred-week period of partial disability, show that the employe's earning power has changed.

(4) An employe may appeal the change to partial disability at any time during the five hundred-week period of partial disability; Provided, That there is a determination that the employe meets the threshold impairment rating that is equal to or greater than fifty per centum impairment **under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."**

(5) Total disability shall continue until it is adjudicated or agreed under clause (b) that total disability has ceased or the employe's condition improves to an impairment rating that is less than fifty per centum of the degree of impairment defined **under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."**

(6) Upon request of the insurer, the employe shall submit to an independent medical examination in accordance with the provisions of section 314 to determine the status of impairment: Provided, however, That for purposes of this clause, the employe shall not be required to submit to more than two independent medical examinations under this clause during a twelve-month period.

(7) In no event shall the total number of weeks of partial disability exceed five hundred weeks for any injury or recurrence thereof, regardless of the changes in status in disability that may occur. In no event shall the total number of weeks of total disability exceed one hundred four weeks for any employe who does not meet a threshold impairment rating that is equal to or greater than fifty per

**(Footnote continued on next page…)**

At hearings before the WCJ, Employer submitted a copy of Dr. Kline's IRE in support of its modification petition. Claimant did not submit any medical evidence but instead relied on a decision of the Social Security Administration (SSA) finding Claimant totally disabled from substantial gainful employment based upon his back injury and hearing-loss impairment.

Following the hearings, the WCJ granted Employer's modification petition, adopting Dr. Kline's medical opinion regarding Claimant's IRE as the only medical evidence presented in the case and rejecting the SSA's decision as non-binding. The WCJ also dismissed Claimant's constitutional challenge, finding that Claimant presented no evidence to support this contention.

Claimant appealed to the Board, challenging the constitutionality of Section 306(a.2) of the Act, 77 P.S. §511.2, for the exact same reasons. The Board

---

**(continued…)**

> centum impairment **under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment"** for any injury or recurrence thereof.
>
> (8)(i) For purposes of this clause, the term "impairment" shall mean an anatomic or functional abnormality or loss that results from the compensable injury and is reasonably presumed to be permanent.
>
> (ii) For purposes of this clause, the term "impairment rating" shall mean the percentage of permanent impairment of the whole body resulting from the compensable injury. The percentage rating for impairment under this clause shall represent only that impairment that is the result of the compensable injury and not for any preexisting work-related or nonwork-related impairment.

77 P.S. §511.2 (emphasis added).

5

affirmed the WCJ's decision, noting that its scope of review does not permit it to consider constitutional issues and therefore "reject[ed] Claimant's request that [it] consider the constitutionality of Section 306(a.2)." (1/16/14 Board Opinion, at 3.) Nonetheless, the Board held that Section 306(a.2)'s IRE provisions do not violate Claimant's due process rights because an employer is required to provide a claimant notice of its intent to modify a claimant's benefits from total to partial, and a claimant is given ample opportunity to be heard on the matter. This appeal followed.[4]

In his petition for review filed on February 18, 2014, Claimant parroting his answer to Modification Petition, again contended that "the IRE provisions [of the Act] as applied to [Claimant] and/or facially, are unconstitutional, as they are capricious, arbitrary, not reasonably calculated, confiscatory, not used to assess disability in the workers' compensation sense, improperly disregard evidence that [Claimant] was totally disabled and improperly extinguish rights." (Petition for Review ¶ 8.) He further asserted that Section 306(a.2) of the Act, 77 P.S. §511.2, is improperly used "to alter an injured worker's disability status for purposes of extinguishing entitlement to continued benefits" in that "the bar is set so arbitrarily high, i.e. 50% whole body impairment via the American Medical Association Guide to Permanent Impairment (AMA Guides) that permanently disabled workers can not [*sic*] or can not [*sic*] reasonably be expected to reach the safe haven." (*Id.* ¶ 9.) Claimant suggested that evidence

---

[4] We review Board decisions to determine whether errors of law were made, constitutional rights were violated, and whether necessary findings of fact are supported by substantial evidence. *Ward v. Workers' Compensation Appeal Board (City of Philadelphia)*, 966 A.2d 1159, 1162 n.4 (Pa. Cmwlth.), *appeal denied*, 982 A.2d 1229 (Pa. 2009).

6

of disability other than IRE ratings should be used to present a more accurate picture of claimants' true disabilities. (*Id.*)

In his amended brief, Claimant argues that: (1) Section 306(a.2) of the Act is an unconstitutional delegation of legislative authority to the AMA in violation of Article II, Section 1 of the Pennsylvania Constitution[5]; (2) the *Guides* were not designed to be used to determine whether a claimant is "disabled" for purposes of the Act; and (3) Section 306(a.2) of the Act impinges on the WCJ's sole role in determining facts, credibility, and evidentiary weight.

At the outset, Employer argues that Claimant waived his right to challenge Section 306(a.2) of the Act as an unconstitutional delegation because he did not raise this argument in his petition for review. Although "[q]uestions involving the validity of a statute" may be raised for the first time before this Court, *see* Section 703 of the Administrative Agency Law, 2 Pa. C.S. §703, under the version of Rule 1513(d) of the Pennsylvania Rules of Appellate Procedure in effect at the time Claimant filed his petition for review,[6] such issues were required

---

[5] Article II, Section 1 states, "The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." Pa. Const. art. II, § 1.

[6] That version of the Rule stated, in pertinent part:

> **Content of appellate jurisdiction petition for review.** An appellate jurisdiction petition for review shall contain: (1) a statement of the basis for the jurisdiction of the court; (2) the name of the party or person seeking review; (3) the name of the government unit that made the order or other determination sought to be reviewed; (4) reference to the order or other determination

**(Footnote continued on next page…)**

7

to be asserted in the petition for review or were deemed waived. *See Edwards v. Unemployment Compensation Board of Review*, 3 A.3d 690, 693 (Pa. Cmwlth. 2010); *Smithfield Cafe v. Unemployment Compensation Board of Review*, 660 A.2d 248, 248 (Pa. Cmwlth. 1995).

---

**(continued…)**

> sought to be reviewed, including the date the order or other determination was entered; (5) a general statement of the objections to the order or other determination; and (6) a short statement of the relief sought. A copy of the order or other determination to be reviewed shall be attached to the petition for review as an exhibit. The statement of objections will be deemed to include every subsidiary question fairly comprised therein. No notice to plead or verification is necessary.

Pa. R.A.P. 1513(d) (2014). A December 2, 2014 amendment to Rule 1513(d) modified the language of subpart (5) to state, "a general statement of the objections to the order or other determination, *but the omission of an issue from the statement shall not be the basis for a finding of waiver if the court is able to address the issue based on the certified record…*" with the changes going into effect thirty (30) days later. Pa. R.A.P. 1513(d) (2015) (emphasis added).

The Official Note to Rule 1513 clarifies the amendment, stating:

> The 2014 amendments to Pa. R.A.P. 1513(d) relating to the general statement of objections in an appellate jurisdiction petition for review are intended to preclude a finding of waiver if the court is able, based on the certified record, to address an issue not within the issues stated in the petition for review but included in the statement of questions involved and argued in a brief. The amendment neither expands the scope of issues that may be addressed in an appellate jurisdiction petition for review beyond those permitted in Pa. R.A.P. 1551(a) nor affects Pa. R.A.P. 2116's requirement that "[n]o question will be considered unless it is stated in the statement of questions involved [in appellant's brief] or is fairly suggested thereby."

Pa. R.A.P. 1513, Official Note (2014).

8

Because Claimant's petition for review did not cite Article II, Section 1 of the Pennsylvania Constitution and more importantly, did not in any manner assert that the IRE provisions of the Act unconstitutionally delegated legislative authority to the AMA, but only asserted an unspecified constitutional claim, alleging that Section 306(a.2) of the Act is arbitrary and capricious,[7] Petitioner has waived his unconstitutional delegation argument by failing to assert it in his petition for review. Likewise, because Claimant did not assert the remaining arguments addressed in his brief in his petition for review, they are also waived.[8]

Accordingly, we affirm the Board's order granting Employer's modification petition.

DAN PELLEGRINI, President Judge

---

[7] Such a claim is not sufficient to put Employer on notice that it would need to defend against a claim arising under Article II, Section 1 of the Pennsylvania Constitution. Indeed, it appears that the Board also failed to recognize the crux of Claimant's undefined argument as its opinion addressed the constitutionality of Section 306(a.2) of the Act pursuant to the due process clause.

[8] The fact that Claimant asserted these arguments in his brief is of no import. *McGaffin v. Workers' Compensation Appeal Board (Manatron, Inc.)*, 903 A.2d 94, 102 (Pa. Cmwlth. 2006) ("[A]ny effort to address an issue in a brief that has not been properly raised in the appeal documents is 'unavailing.'" (internal citation omitted)).

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Winchilla,                            :
               Petitioner          :
                                  :
          v.                               :
                                  :
Workers' Compensation Appeal        :
Board (Nexstar Broadcasting),        :
               Respondent       :   No. 213 C.D. 2014

## O R D E R

AND NOW, this <u>18</u><sup>th</sup> day of <u>September</u>, 2015, the order of the Workers' Compensation Appeal Board dated January 16, 2014, in the above-captioned case is affirmed.

_____

DAN PELLEGRINI, President Judge
