IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey L. Aursby,              :
                Petitioner      :
                                :
        v.                      :
                                :
Pennsylvania Parole Board,      :    No. 635 C.D. 2021
                Respondent      :    Submitted: February 18, 2022


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED: October 5, 2022


        Before the Court are the petition for review (Petition) filed by Jeffrey
L. Aursby (Aursby), *pro se*, from the April 5, 2021 decision of the Pennsylvania
Parole Board (Board) denying his administrative appeal from the Board's December
4, 2019 decision recommitting him as a convicted parole violator, and the Board's
motion to quash the Petition as untimely filed.[1]  Upon review, we grant the Board's
motion to quash and dismiss Aursby's Petition.[2]

_____

[1] Although Aursby identifies the Board's recommitment decision by the date of December
2, 2019, *see* Petition for Review (Petition) at 1; Aursby's Br. at 2, this decision is referenced herein
by its mailing date of December 4, 2019.  *See* Section 73.1(a) of the Board's Regulations, 37 Pa.
Code § 73.1(a) (providing that appeals from revocation decisions "shall be received at the Board's
Central Office within 30 days *of the mailing date* of the Board's order") (emphasis added).

[2] A motion for rehearing filed by Aursby is also before the Court.  However, for the reasons
discussed *infra*, that motion is dismissed as moot.

# I. Background

In 2013, Aursby was convicted of multiple criminal offenses and sentenced to 5 to 10 years' imprisonment. Sentence Status Summary, 2/5/14 at 1-2, Certified Record (C.R.) at 1-2. In February 2017, the Board paroled Aursby to a community corrections center with specialized violence prevention programming. Board Decision, 10/27/16 at 1, C.R. at 4; Order to Release on Parole/Reparole, 10/27/16, C.R. at 7. In August 2018, Aursby was arrested and charged with multiple new offenses. Criminal Arrest and Disposition Report, 9/20/18 at 1, C.R. at 36. The Board issued a warrant to commit and detain Aursby. Warrant to Commit and Detain, 8/30/18, C.R. at 31. Aursby was subsequently detained and waived his right to a detention hearing. Waiver of Representation by Counsel/Waiver of Detention Hearing, 9/19/18, C.R. at 34; Board Action, 10/1/18, C.R. at 49. In September 2018, Aursby was charged with additional new criminal offenses, of which he was convicted in July 2019; he received a new sentence of 80 to 160 months' imprisonment. Trial/Plea/Sentence at 1, C.R. at 61; Mag. Dist. Judge, Crim. Docket at 2, C.R. at 95; Montgomery Cnty. Common Pleas Court, Crim. Docket at 3, C.R. at 99. In October 2019, the Board held a parole revocation hearing. Parole Revocation Hearing, Transcript of Testimony (T.T.), 10/17/19 at 1, C.R. at 67. Aursby was returned to the custody of the Pennsylvania Department of Corrections (the Department) later that month. Moves Report, 12/2/19, C.R. at 66.

By decision mailed December 4, 2019, the Board recommitted Aursby as a convicted parole violator to serve 18 months' backtime, identifying a parole violation maximum sentence date of September 20, 2024. Board Decision, 12/4/19 at 1, C.R. at 113; *see also* Order to Recommit, 7/27/20 at 1, C.R. at 117. Aursby filed a timely administrative appeal, asserting that the Board relied on evidence "illegally

2

obtained without a search warrant[.]" Administrative Remedies Form, 12/20/19 at 1, C.R. at 124. In August 2020, the Board established a new minimum sentence date of March 31, 2021. Board Decision, 8/10/20 at 1, C.R. at 119. The Board denied Aursby credit for time spent at liberty on parole due to his new conviction of an offense involving the possession of a weapon. *Id.* On August 25, 2020, Aursby filed a second administrative appeal from the Board's December 4, 2019 recommitment decision. *See* Administrative Remedies Form, 8/25/20, C.R. at 134-35.

By decision mailed April 5, 2021, the Board affirmed its December 4, 2019 and August 10, 2020 decisions. Board's Decision, 4/5/21 at 1-2, C.R. at 147-48.[3] On June 7, 2021, Aursby petitioned this Court for review of the Board's April 5, 2021 decision affirming his recommitment as a convicted parole violator.[4] *See*

---

[3] Aursby's present appeal concerns only the Board's affirmance of its December 4, 2019 decision. *See* Petition at 1. In March 2022, after briefing on the Petition was complete and the case had been submitted to a panel of this Court for disposition, Aursby filed a document with the Court titled "Ex [P]arte Reexamination-Speaking [M]otion of an [sic] [M]anifest Error [C]alculation," in which he sought to challenge the recalculation of his maximum sentence date that occurred on August 10, 2020, from which he took no administrative appeal. We decline to consider this filing, as Aursby neither preserved this question for appellate review nor properly amended his Petition. *See McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993) (holding that petitioner waived a challenge to the Board's recalculation of his maximum term expiration date by failing to raise the issue in a timely administrative appeal from the Board's decision); *Edwards v. Unemployment Comp. Bd. of Rev.*, 3 A.3d 690, 694-95 (Pa. Cmwlth. 2010) (explaining that a "petitioner may not amend his petition for review beyond the 30-day filing period in order to raise new issues," in that "once the time for filing a petition for review has expired, the filing of an amended petition is of no import. To the extent it would add additional issues, it is improper; to the extent it does not, it is surplusage.").

[4] On August 2, 2021, this Court entered an order appointing a public defender as counsel for Aursby. *See* Cmwlth. Ct. Order, 8/2/21. However, Aursby petitioned this Court to proceed *pro se*, noting that the appointed public defender had deemed his case meritless. *See* Petition, 8/13/21 at 1. Aursby submitted an appellate brief, which this Court rejected as noncompliant with multiple provisions of the Pennsylvania Rules of Appellate Procedure. *See* Cmwlth. Ct. Order, 9/13/21. We advised Aursby that failure to submit a corrected, amended brief by October 14, 2021 would result in dismissal of his appeal. *See id.* Aursby thereafter requested that this Court appoint him counsel, asserting the attorney previously appointed had advised him that his claim lacked

3

Petition, 6/7/21. Aursby requested that this Court deem his Petition timely due to "limitations" caused by COVID-19 restrictions at the prison, and because he "tried to seek relief in this matter[]" through the "institution parole agent," a public defender, and an administrative appeal, but "all gave [a] negative response." Petition at 1.

On August 17, 2021, this Court issued an order stating that Aursby's appeal may be untimely and instructing the parties to address that issue in either their principal briefs on the merits or in an appropriate motion. *See* Cmwlth. Ct. Order, 8/17/21 (citing Pa.R.A.P. 1512(a)(1)). On October 4, 2021, the Board filed a motion to quash Aursby's Petition as untimely, and requested that this Court stay all proceedings, including the requirement to file briefs, pending disposition of its motion. *See* Motion to Quash/Appl. for Stay, 10/4/21 at 1-4. We granted the Board's request for a stay. Cmwlth. Ct. Order, 10/6/21. Aursby opposed the Board's motion to quash and requested that this Court lift the stay, which we declined to do. *See* "Motion to Prevent Respondent's 'Motion to Quash, Lift Respondent's Stay' and Compelling State-Interest Test," 10/13/21 at 1; Cmwlth. Ct. Order, 10/20/21.[5]

On October 19, 2021, Aursby filed a motion requesting that this Court conduct a hearing on the merits, asserting that delays caused by COVID-19 restrictions and the Smart Communications mailing system utilized by the Department contributed to the untimeliness of his Petition. *See* Motion for Rehearing and/or Alter and Amend Judgment (Motion for Rehearing), 10/19/21 at

---

merit. *See* Application, 9/20/21. Aursby also requested a 30-day extension to file his amended brief. *See id.* We denied Aursby's request for the appointment of counsel but extended the deadline to file the amended brief to October 29, 2021. *See* Cmwlth. Ct. Order, 9/28/21.

[5] We also extended the deadline by which to file an answer to the Board's motion to quash. *See* Cmwlth. Ct. Order, 10/20/21.

4

1-3. On November 18, 2021, we issued an order stating that the Board's motion to quash and Aursby's Motion for Rehearing would be decided with the merits. Cmwlth. Ct. Order, 11/18/21.[6]

## II. Issues

Before this Court,[7] Aursby argues that the Board violated his due process rights in various ways in connection with the October 2019 parole revocation hearing. *See* Aursby's Br. at 8. Aursby contends that the Board failed to provide him with written notice of the purported parole violations in advance of the hearing, did not disclose before the hearing the evidence upon which it relied in recommitting him as a convicted parole violator, and subsequently failed to provide him with a written statement explaining this evidence and the reasons supporting the revocation of his parole. *See id.* at 8-9. Moreover, Aursby maintains that the Board failed to afford him the opportunity to appear in person, to present evidence in support of his

---

[6] On January 11, 2022, Aursby filed a document with this Court, titled "Ex Parte Special Motion," in which he contended that his challenge to the evidence supporting his criminal conviction did not constitute a collateral attack upon that conviction, because "any proceeding that is started on unlawful evidence will activate a violation of due process and[/]or inadmissible evidence." Ex Parte Special Motion, 1/11/22 at 2, ¶ 2.C. Further, Aursby asserted that his failure to raise a hearsay objection at the October 2019 parole revocation hearing should not preclude this Court's consideration of that objection, maintaining that "a manifest constitutional error can be reviewed by a court of appeal(s) even if the applicant did not object[.]" *Id.* at 2, ¶ 2.A (citing Board's Br. at 8 n.3). Aursby also reiterated his claim that the evidence relied upon in revoking his parole was "unlawful" and "should have been suppressed[.]" *Id.* at 3, ¶ 2.D. As Aursby filed this document 14 days after the Board filed its appellate brief on December 28, 2021, and responded to matters asserted in the Board's appellate brief that were not addressed in his principal appellate brief, we treat this filing as a reply brief. *See* Pa.R.A.P. 2113(a) & 2185(a)(1).

[7] Our review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights have been violated. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013); *see also* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

5

position, to rebut the Board's evidence, or to confront and cross-examine adverse witnesses. *See id.*

Aursby also asserts that the Board violated his constitutional rights by failing to suppress evidence "that was illegally obtained without an approved, signed or sealed search warrant" when law enforcement conducted an illegal search after impounding his car and discovering a firearm and a controlled substance. *Id.* at 11-13 (citations omitted). Aursby maintains that the record of his conviction based on the unlawful possession of a firearm constitutes "tainted evidence" that is "illegally insufficient [sic]" and should have been suppressed during the criminal proceedings against him and at the revocation hearing because the firearm was unlawfully obtained by law enforcement. *Id.* at 10-12 & 20. Aursby states that he attempted to challenge the Board's evidence at the revocation hearing. *Id.* at 10. Moreover, Aursby maintains that the Board erred in relying on hearsay evidence. *Id.* at 9. Thus, Aursby asserts that "all evidence introduced at the parole revocation hearing and [in the] criminal proceeding[s] should be suppressed" and that he should be "discharged." *Id.* at 14. Aursby requests "[i]n the alternative" that this Court vacate the Board's "recommitment sentence of 18 months" and remand this matter to the criminal court "for further proceedings." *Id.*

The Board counters that this Court should quash Aursby's June 7, 2021 Petition as untimely, as it was filed more than 30 days beyond April 5, 2021, the date on which the Board issued the challenged decision. Board's Br. at 7 (citing Pa.R.A.P. 105(b) & 1512(a); *Altieri v. Pa. Bd. of Prob. & Parole*, 495 A.2d 213, 214 (Pa. Cmwlth. 1985)). Thus, the Board contends that this Court lacks jurisdiction over Aursby's appeal. *Id.* at 8. The Board also asserts that Aursby failed to preserve for appellate review his assertion that the Board violated his due process rights in

connection with the October 2019 parole revocation hearing by failing to provide him with written notice of the charges filed against him and by relying on inadmissible hearsay evidence in recommitting him as a convicted parole violator. *Id.* at 8. Regardless, the Board notes that it did provide written notice of the charges prior to the revocation hearing, on September 9, 2019. *Id.* at 8 n.2 (citing Notice of Charges and Hearing, 9/9/19, C.R. at 53). Further, the Board notes that Aursby failed to assert a hearsay objection to any of the Board's evidence at the October 2019 parole revocation hearing. *Id.* at 8-9 and 8 n.3 (citing *Maxfield v. Pa. Bd. of Prob. & Parole*, 538 A.2d 628, 631 (Pa. Cmwlth. 1988); Section 703(a) of the Administrative Agency Law, 2 Pa.C.S. § 703(a); Pa.R.A.P. 1551(a)). The Board also contends that Aursby is asserting an impermissible collateral attack on the criminal convictions supporting its recommitment decision. *Id.* at 11 (citing *Chapman v. Pa. Bd. of Prob. & Parole*, 484 A.2d 413, 417 (Pa. Cmwlth. 1984)). Thus, the Board requests that this Court quash Aursby's appeal as untimely or, in the alternative, affirm its December 4, 2019 recommitment decision. *Id.* at 12.

### III. Discussion

"A petition for review of a quasijudicial order . . . shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Pa.R.A.P. 1512(a)(1). "An appellate court . . . may not enlarge the time for filing . . . a petition for review[.]" Pa.R.A.P. 105(b). As this Court has explained, "[t]he timeliness of an appeal and compliance with the statutory provisions which grant the right of appeal go to the jurisdiction of the court to hear and decide the appeal." *Altieri*, 495 A.2d at 214 (quoting *Iannotta v. Phila. Transp. Co.*, 312 A.2d 475, 476 (Pa. Cmwlth. 1973) (citations omitted)); *see also J.C. v. Dep't of Pub. Welfare*, 720

7

A.2d 193, 197 (Pa. Cmwlth. 1998) (observing that "[i]t is well established that the failure to timely appeal an administrative agency's action is a jurisdictional defect").

However, an appeal *nunc pro tunc* may be permitted when a delay in filing the appeal is caused by extraordinary circumstances involving fraud, administrative breakdown on the part of a court or administrative tribunal, or non-negligent conduct, either by a third party or by the petitioner. *See Mountain Home Beagle Media v. Unemployment Comp. Bd. of Rev.*, 955 A.2d 484, 487 (Pa. Cmwlth. 2008); *Seddon v. Pa. Liquor Control Bd.*, 609 A.2d 619, 621 (Pa. Cmwlth. 1992); *see also Altieri*, 495 A.2d at 214 (quoting *Iannotta*, 312 A.2d at 476) ("The courts have no power to extend the period for taking appeals, absent fraud or a breakdown in the court's operation through a default of its officers."). Further, under the "prisoner mailbox" rule, a *pro se* petitioner who is incarcerated at the time he seeks to file an appeal is deemed to have filed the appeal on the date he deposits it with prison authorities or places it in the prison mailbox; however, the petitioner bears the burden of proving that he in fact delivered the appeal within the appropriate time period. *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997).

Here, Aursby petitioned this Court for review of the Board's April 5, 2021 order on June 7, 2021, a date that is "well beyond the mandatory [30-]day appeal period." *Altieri*, 495 A.2d at 214. Aursby asserts in his Petition that "limitations" caused by COVID-19 restrictions at the prison contributed to the untimeliness of his appeal. Petition at 1. However, Aursby fails to mention this assertion in his appellate brief, much less develop it with any specificity[8] or

---

[8] For instance, Aursby fails to identify which of the Department's COVID-19 protocols purportedly contributed to the untimeliness of his Petition. Further, Aursby fails to explain the nature of the alleged administrative breakdown—*e.g.*, whether the COVID-19 protocol delayed his receipt of the Board's April 5, 2021 decision or impeded his ability to mail his Petition in a timely fashion.

supporting legal authority. He likewise fails to develop any argument for the application of the prisoner mailbox rule. Although he contends in his Motion for Rehearing that the Smart Communications mailing system utilized by the Department affected the timeliness of his Petition, *see* Motion for Rehearing, 10/19/21 at 1-3, Aursby fails to provide any specifics or supporting legal authority in support of his assertion; thus, that assertion is waived. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (citations omitted) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of [an appellate court] . . . to formulate [petitioner's] arguments for him."). Accordingly, Aursby has waived any argument that his Petition should be deemed timely. *See* Pa.R.A.P. 2116(a) (stating that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"); Pa.R.A.P. 2119(a) (providing that the argument contained within an appellate brief must contain "such discussion and citation of authorities as are deemed pertinent").

As Aursby failed to establish that an administrative breakdown or other extraordinary circumstances justify *nunc pro tunc* relief, we agree with the Board that we lack jurisdiction over his untimely Petition.[9] *See Mountain Home Beagle*

---

[9] Further, we agree with the Board that Aursby failed to raise before the Board and, thus, waived for appellate review his assertion that the Board violated his due process rights by failing to provide advance written notice of the claimed parole violations prior to the October 2019 parole revocation hearing, and by relying on inadmissible hearsay evidence in recommitting him as a convicted parole violator. *See* Section 703(a) of the Administrative Agency Law, 2 Pa.C.S. § 703(a) (a "party may not raise upon appeal any other question not raised before [a Commonwealth] agency"); Pa.R.A.P. 1551(a) (providing that "[r]eview of quasijudicial orders shall be conducted by the court on the record made before the government unit. Only questions raised before the government unit shall be heard or considered"); *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth.1993) (explaining that "[i]t has been the holding of this [C]ourt that

9

*Media*, 955 A.2d at 487. Therefore, we grant the Board's motion to quash Aursby's Petition as untimely and dismiss the Petition. Accordingly, we dismiss, as moot, Aursby's Motion for Rehearing. The "Ex [P]arte Reexamination-Speaking [M]otion of an [sic] [M]anifest Error [C]alculation" filed March 18, 2022 is stricken as improper.

 

_____
CHRISTINE FIZZANO CANNON, Judge

---

issues not raised by a [convicted parole violator] before the Board in an administrative appeal are waived for purposes of appellate review by this [C]ourt").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey L. Aursby,                 :
             Petitioner       :
                                    :
         v.                     :
                                    :
Pennsylvania Parole Board,      :     No. 635 C.D. 2021
             Respondent      :

## O R D E R

AND NOW, this 5th day of October, 2022, the Pennsylvania Parole Board's motion to quash the petition for review (Petition) filed by Jeffrey L. Aursby (Aursby) on June 7, 2021 is GRANTED, and Aursby's Petition is DISMISSED as untimely filed. The Motion for Rehearing filed by Aursby is DISMISSED as moot. The "Ex [P]arte Reexamination-Speaking [M]otion of an [sic] [M]anifest Error [C]alculation" filed March 18, 2022 is STRICKEN as improper.

_____
CHRISTINE FIZZANO CANNON, Judge

Jeffrey L. Aursby,                          :
                 Petitioner          :
                            :
                            :  No. 635 C.D. 2021
            v.                  :
                            :  Submitted: February 18, 2022
Pennsylvania Parole Board,                   :
                 Respondent        :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE LORI A. DUMAS, Judge

***OPINION NOT REPORTED***

DISSENTING OPINION
BY JUDGE McCULLOUGH                 FILED: October 5, 2022

        This Court is obligated to construe *pro se* filings liberally, and, so long as we can discern the issue raised, we should (or rather must) address it. *See Smithley v. Unemployment Compensation Board of Review*, 8 A.3d 1027, 1029 n.6 (Pa. Cmwlth. 2010); *accord, e.g.*, *Richardson v. Pennsylvania Insurance Department*, 54 A.3d 420, 425-26 (Pa. Cmwlth. 2012).

        Here, Jeffrey L. Aursby (Petitioner), *pro se*, filed a Motion for Rehearing (Motion), asserting that delays caused by COVID-19 restrictions and the Smart Communications mailing system utilized by the Department of Corrections resulted in an untimely filed petition for review in this Court. Unlike the Majority, which quashes the appeal, I would grant the Motion and remand the matter to the Pennsylvania Parole Board (Board) to conduct a hearing to determine whether Petitioner is entitled to *nunc pro tunc* relief. *See Smith v. Pennsylvania Board of*

*Probation and Parole*, 81 A.3d 1091, 1094-95 (Pa. Cmwlth. 2013). Although Petitioner's Motion may not contain the desired amount of explanatory detail, it is common knowledge that the COVID-19 pandemic has resulted in profound restrictions in the prison system in general, affecting inmates' ability to prepare the necessary paperwork and/or file legal documents with the courts of this Commonwealth. *See, e.g.*, *Commonwealth v. Carter* (Pa. Super., No. 398 MDA 2021, filed February 25, 2022) (unreported) (Colins, S.J.), slip op. at 5-6 (granting *nunc pro tunc* relief where the COVID-19 pandemic caused a lockdown of the prison and prevented the inmate from filing a timely notice of appeal); Katie Meyer, *'More harm than good': Most Pa. prisoners are vaxxed, but isolating COVID rules remain* (WHYY News, filed June 18, 2021)[1] ("When the pandemic first hit, prisons locked down completely. Virtually all the activities many incarcerated people are allowed to do—going to the prison library, doing various jobs, taking classes, going outside to the yard—were suspended."); *id.* (explaining that around the time Petitioner filed his petition for review with this Court, "a number of the system's COVID-19 prevention measures [were] still in place"). Given these circumstances, I believe Petitioner should be afforded the opportunity to present evidence regarding the circumstances of the COVID-19 restrictions at his state correctional institution.

Hence, I respectfully dissent.

_____
PATRICIA A. McCULLOUGH, Judge

_____

[1] Available at: https://whyy.org/articles/more-harm-than-good-most-pa-prisoners-are-vaxxed-but-isolating-covid-rules-remain/ (last visited October 4, 2022).